## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHRISTY CORATTI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| DANA F. COLE & COMPANY, LLP | ) | |
| Serve Registered Agent: | ) | |
| Dana F. Cole & Company, LLP | ) | |
| 10975 Benson Suite 300 | ) | |
| Overland Park, Kansas 66210 | ) | |
| | ) | |
| Defendant. | ) | |

### DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the Federal Court in Kansas City, Kansas as the place of trial.

### COMPLAINT

COMES NOW Plaintiff, Christy Coratti ("Coratti" or "Plaintiff"), by and through the undersigned counsel, and states and alleges as follows against Defendant Dana F. Cole & Company, LLP ("DFCC" or "Defendant"):

### NATURE OF THE CLAIM

1. This is an action for legal and equitable relief to redress the deprivation of Plaintiff's civil rights pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000e *et seq*. (Title VII) and for retaliation in violation of Title VII and 42 U.S.C. § 1981.

## PARTIES

2. Plaintiff is a female who resides in the State of Missouri. At all times herein, she was employed by Defendant Dana F. Cole & Company, LLP at its location in Overland Park, Kansas.

3. Defendant is a Nebraska corporation, authorized to conduct business in the State of Kansas.

4. At all times mentioned herein, each of Defendant's employees referenced in this Complaint were the agents, servants, and employees of Defendant.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## ADMINISTRATIVE PROCEEDINGS

7. Plaintiff filed timely charges of discrimination with the Equal Employment Opportunity Commission (EEOC). *A true and accurate copy of each charge is attached hereto and incorporated herein by reference as Exhibit A*.

8. Plaintiff thereafter received her Notices of Right to Sue pursuant to Title VII. *A true and accurate copy of each Notice is attached hereto and incorporated herein by reference as Exhibit B*.

9. This action has been timely filed with this Court and Plaintiff has fully complied with all administrative prerequisites before filing this action.

## FACTUAL ALLEGATION

10. Plaintiff began her employment with Defendant on September 9, 2013. During her employment, Plaintiff held the position of a receptionist, among other duties.

11. While employed with Defendant, Plaintiff was the only pregnant employee employed at Defendant's Overland Park, Kansas location.

12. Initially, Plaintiff's employment was limited to several weeks.

13. As a result of Plaintiff's good performance, Defendant requested Plaintiff's employment be extended by several weeks.

14. Then, on October 7, 2013, Joani Szudlo—Defendant's Human Resources representative—emailed Plaintiff and asked if Plaintiff would like to extend her employment with DFCC through April 2014.

15. In a response email, Plaintiff accepted the assignment.

16. However, Plaintiff explained to Ms. Szudlo that Plaintiff could only work until mid-March 2014, because Plaintiff was pregnant and that her expected due date was around that time.

17. In response, Ms. Szudlo stated that she would have to discuss Plaintiff's employment status with her supervisor, Kim Pearson.

18. On October 10, 2013, Ms. Szudlo explained to Plaintiff that, as a result of her pregnancy, Defendant did not want to extend her employment through 2014.

19. Further, Ms. Szudlo stated that Plaintiff's employment would terminate on November 1, 2013.

20. As a result of Plaintiff's pregnancy, and the bias Defendant had toward Plaintiff because of her pregnancy, Plaintiff's employment with Defendant was terminated on November 1, 2013.

21. Plaintiff was subjected to disparate treatment based on her pregnancy as compared to similarly situated employees in that she was not provided the same opportunity to continued employment as other employees.

22. Plaintiff experienced emotional distress as a result of the pregnancy discrimination.

23. At all times mentioned herein, before and after, the above referenced individuals were agents, servants and employees of Defendant and were at all such times acting within the scope and course of their employment, or their actions were expressly authorized or ratified by Defendant. Defendant is therefore liable for the actions of said persons and/or perpetrators under all theories pled herein.

## COUNT I
### Title VII – Pregnancy Discrimination

COMES NOW Plaintiff and for Count I of his Complaint against Defendant alleges and states as follows:

24. Plaintiff incorporates by reference the allegations in the preceding paragraph as if fully set forth herein.

25. During the course and scope of Plaintiff's employment, Defendant's representatives acting within the course and scope of their employment, engaged in a pattern and practice of intentional discrimination and harassment of Plaintiff based on her pregnancy, in violation of 703(a) of Title VII, 42 U.S.C. §2000e-(k).

26. The discrimination had the purpose and effect of creating an adverse employment action against Plaintiff.

27. The actions and conduct of Defendant's representatives acting within the course and scope of employment created an environment that thereby detrimentally affected Plaintiff.

28. The conduct as described herein would have offended a reasonable person in Plaintiff's position.

29. Management level employees knew or should have known of the pregnancy discrimination described herein but failed to take appropriate action to address the discrimination and further failed to implement effective and appropriate procedures to stop and remedy the pregnancy discrimination.

30. Defendant through its agents and employees engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

31. The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

32. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages, including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination and harassment provided by 42 U.S.C. §2000e *et seq*; for an award of compensatory and punitive damages; equitable relief; for his costs expended; for his reasonable attorneys' fees and expert fees as provided by 42 U.S.C.§ 2000e 5(k); and for such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on Counts I of the alleged herein.

HOLMAN SCHIAVONE, LLC

By: */s/ M. Shaun Stallworth*_____
M. Shaun Stallworth, KS Fed # 78332

4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
Email: sstallworth@hslawllc.com

ATTORNEY FOR PLAINTIFF